Barlow v. Male Geneva Police Officer

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on th 18ᵗʰ day of August,two thousand eleven.

PRESENT:

>   GUIDO CALABRESI,
>   ROBERT D. SACK,
>   RICHARD C. WESLEY,
>           *Circuit Judges.*

------------------------------------------------------------------------

BRIAN D. BARLOW,

>           *Plaintiff–Appellant*,                    No. 09-2033

        - v -

MALE GENEVA POLICE OFFICER WHO ARRESTED ME ON JANUARY 2005,

>           *Defendant–Appellee*,

BRAD FALKEY AND JOHN STORER,

>           *Defendants*,

CITY OF GENEVA,

>           *Defendant–Cross-Claimant*,

ONTARIO COUNTY,

>           *Defendant–Cross-Claimant*.

------------------------------------------------------------------------

Appearing for Appellant:        Andrew Ditchfield, Davis Polk & Wardwell LLP, New York, New York.

Appearing for Appellee:        Gerard O'Connor, Lippman O'Connor, Buffalo, New York.

Appeal from an April 10, 2009, judgment entered by the United States District Court for the Western District of New York (Charles J. Siragusa, *J.*).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, VACATED and REMANDED.

Plaintiff–appellant Brian D. Barlow appeals from an order granting summary judgment to the defendant–appellee on Barlow's excessive-force claim and dismissing, without prejudice, Barlow's *pro se* complaint brought pursuant to 42 U.S.C. § 1983.  In his complaint, Barlow alleges that an unnamed officer of the Geneva Police Department in Geneva, New York, "rebroke [Barlow's] left wrist and [caused] neurological nerve damage to [his] left arm" during a January 2005 arrest, in violation of the Eighth Amendment to the U.S. Constitution.  Second Amended Complaint at 1, *Barlow v. Male Geneva Police Officer*, No. 06 Civ. 6592 (W.D.N.Y. Jan. 12, 2007).  The district court construed Barlow's complaint to allege instead violations of the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment.

We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.  We nonetheless note at the outset that this appeal is marred by the unfortunate  (but understandable) impoverished state of the record before us.  Because of "the fact-specific nature of the inquiry, granting summary judgment against a plaintiff on an excessive force claim is not appropriate unless no reasonable factfinder could conclude that the officers' conduct was objectively unreasonable." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 123 (2d Cir. 2004).  The meager record in this case at this stage of the proceedings renders

2

a "fact-specific" inquiry virtually impossible. Factual questions that permeate this case include questions surrounding the identity of the defendant, the knowledge the defendant had of the plaintiff's status as a confidential informant,[1] the degree of force the defendant applied to the plaintiff during the incident at issue, and the extent of the plaintiff's injuries. We conclude that, at this stage in the litigation, those questions amount to more weight than summary judgment can bear.

On January 12, 2007, acting *pro se*, Barlow filed his Second Amended Complaint—the operative complaint in this action. It included claims against three law-enforcement officers: an unnamed male Geneva police officer and two Ontario County Sheriff's deputies, Brad Falkey and John Storer. In order to determine the identity of the unnamed police officer, the district court requested that the counsel for the City of Geneva, who had appeared on behalf of the municipality in connection with the initial and first amended complaints, ascertain the full name and address of the unnamed officer who was the object of Barlow's Second Amended Complaint. In response, Geneva's counsel identified, by an April 17, 2007 letter to the court, three officers who were present at the time of the January 2005 incident: Police Officer Carmen Reale,

---

[1] On the key fact of the defendant's knowledge of Barlow's confidential-informant status, the record is silent. At oral argument before us, the defendant's counsel conceded that the defendant *did* have knowledge of Barlow's cooperation with the Ontario County Sheriff's Department Drug Task Force. While, at times, it may be appropriate for an appellate court to rely on a fact conceded on appeal that is not found in the trial record, *see Burgin v. Broglin*, 900 F.2d 990, 993 n.3 (7th Cir. 1990), we decline to do so here. Instead, in light of the incomplete state of the entire record and our conclusion that genuine issues of material fact preclude summary judgment, we remand to the district court for further factual development of the defendant's knowledge of the plaintiff's informant status. Should the factfinder determine that, contrary to counsel's concession to this Court, the defendant did *not* have knowledge that Barlow was a confidential informant, we do not think that the factfinder need be bound by defense counsel's spontaneous concession to the contrary at oral argument on appeal.

3

Detective Brian Choffin, and Sergeant Randall Phillips.  The letter stated that all three officers denied that Barlow suffered an injury during the incident, but it did not indicate which of the officers had handcuffed Barlow at the scene.  While the United States Marshals Service effected service of the Second Amended Complaint on the unnamed defendant at the City of Geneva Police Department, and while counsel for the City of Geneva has continued to appear and submit filings on the defendant's behalf, at no point during the litigation has the defendant officer been specifically identified.  On December 20, 2007, Barlow entered into a stipulation of discontinuance with the County of Ontario, Falkey, and Storer dismissing Falkey and Storer from the action, and the district court "so ordered" the stipulation on January 3, 2008.

Nearly a year later, on December 9, 2008, the unnamed defendant—through the municipality's counsel—filed a motion for summary judgment contending that Barlow could not prove a constitutional violation.  Simultaneously, the defendant served a Notice to *Pro Se* Litigants—required by Rule 56.2 of the Local Rules of Civil Procedure in the Western District of New York—on Barlow.  Barlow nonetheless did not respond to the motion for summary judgment.  The district court granted the defendant's motion and dismissed Barlow's complaint by a Decision and Order dated April 7, 2009.  Judgment was entered three days later.  Barlow timely filed a *pro se* Notice of Appeal to this Court, and this Court appointed *pro bono* counsel to represent Barlow on his Fourth and Fourteenth Amendment claims.

"We review *de novo* a district court's grant or denial of summary judgment, viewing the record in the light most favorable to the party against whom summary judgment is sought." *In re Novartis Wage and Hour Litig.*, 611 F.3d 141, 150 (2d Cir. 2010) (internal citation and quotation marks omitted), *cert. denied*, 131 S. Ct. 1568 (2011).  Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is

4

entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Cordiano v. Metacon Gun Club, Inc.*, 575 F.3d 199, 204 (2d Cir. 2009). A fact is "material" for the purposes of summary judgment when it "might affect the outcome of the suit under the governing law," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and an issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008), *cert. denied*, 130 S. Ct. 95 (2009). The moving party bears the burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where, as here, the nonmovant would bear the burden of proof at trial, "the movant may show prima facie entitlement to summary judgment" by either (1) "point[ing] to evidence that negates its opponent's claims" or (2) "identify[ing] those portions of its opponent's evidence that demonstrate the absence of a genuine issue of material fact." *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006).

Barlow's operative complaint alleges a violation of the Eighth Amendment due to "cruel punishment" and a "violation of human rights." Second Amended Complaint at 1, *Barlow v. Male Geneva Police Officer*, No. 06 Civ. 6592 (W.D.N.Y. Jan. 12, 2007). However, the district court concluded that because Barlow "was not a convicted prisoner at the time of the injury," the Eighth Amendment did not apply. Instead, the court correctly analyzed Barlow's *pro se* complaint as setting forth a claim, authorized by 42 U.S.C. § 1983, as to substantive violations of the Fourth and Fourteenth Amendments. We do the same.

"[T]he first step in any Fourth Amendment claim (or, as in this case, any section 1983 claim predicated on the Fourth Amendment) is to determine whether there has been a constitutionally cognizable seizure." *Medeiros v. O'Connell*, 150 F.3d 164, 167 (2d Cir. 1998). The district court concluded that the Fourth Amendment did not apply because the defendant

5

"was not *actually* arresting or seizing Plaintiff when the injury occurred."  Decision and Order at 5, *Barlow v. Male Geneva Police Officer*, No. 06 Civ. 6592 (W.D.N.Y. Apr. 7, 2007) (emphasis added).  The court explained that because the defendant "only gave the *appearance* of arresting Plaintiff, so as to protect Plaintiff's identity as a confidential informant," and because there was "no indication that Defendant *intended* to injure Plaintiff," no seizure for the purposes of the Fourth Amendment had taken place.  *Id.* (emphases added).

We cannot conclude—as did the district court—that (1) the fact that Barlow's arrest was a "sham," (2) the subjective intentions of the defendant, or (3) Barlow's status as a confidential informant, established that a reasonable person in Barlow's place would necessarily have felt "free to ignore the police presence and go about his business," *Brendlin v. California*, 551 U.S. 249, 261 (2007), and was therefore not "seized" for the purposes of the Fourth Amendment.  Nor can we conclude that, if indeed Barlow was seized, the force applied to Barlow by the defendant was objectively reasonable as a matter of law.  To the contrary, it is our view that the plaintiff's allegations and the available evidence at this stage are sufficient to create genuine issues of material fact as to both whether the plaintiff was "seized" within the meaning of the Fourth Amendment and whether the degree of force used against the plaintiff by the unnamed Geneva police officer was objectively reasonable.[2]

"Physical restraint or an assertion of authority to restrain a person's freedom of movement by law enforcement officers would, in most instances, constitute a seizure."  *Pinto-Montoya v.*

---

[2] We stress that the determination of whether the force employed by the defendant would lead a reasonable person in Barlow's position—that of a confidential informant—to conclude that he was seized is distinct and sequentially prior to a determination whether the force employed was excessive.  If it is determined by the factfinder that a person in Barlow's position could not reasonably conclude that he was seized, that would end the constitutional inquiry, and Barlow's claim would become one of simple negligence not of a constitutional dimension.

*Mukasey*, 540 F.3d 126, 132 (2d Cir. 2008). The Supreme Court has explained that a Fourth Amendment seizure occurs "when there is a governmental termination of freedom of movement through means intentionally applied." *Brower v. County of Inyo*, 489 U.S. 593, 597 (1989) (emphasis deleted). In short, "a person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. Mendenhall*, 446 U.S. 544, 554 (1980).

The Fourth Amendment's guarantee of the right against unreasonable seizure prohibits the use of excessive force by policemen in the course of an arrest. *Graham v. Connor*, 490 U.S. 386, 394 (1989). "In order to establish that the use of force to effect an arrest was unreasonable and therefore a violation of the Fourth Amendment, [a] plaintiff[] must establish that the government interests at stake were outweighed by 'the nature and quality of the intrusion on [the plaintiff's] Fourth Amendment interests.'" *Amnesty Am*, 361 F.3d at 123 (quoting *Graham*, 490 U.S. at 396). "In other words, the factfinder must determine whether, in light of the totality of the circumstances faced by the arresting officer, the amount of force used was objectively reasonable at the time." *Id.*; *see Graham*, 490 U.S. at 396.

"Indisputably, an arrest is a seizure." *Bryant v. City of N.Y.*, 404 F.3d 128, 136 (2d Cir. 2005). To be sure, a "sham" arrest like that at the center of this case differs significantly from the usual circumstances in which the police restrain a non-cooperating suspect. However, particularly because the intention of any such fictitious arrest is precisely to make the arrest look as real as possible, that characteristic alone cannot automatically preclude the existence of a seizure under the Fourth Amendment. In addition, there are outstanding issues of fact as to several aspects of the "sham" arrest that would affect the legal inquiry into the existence of a

7

seizure here, including whether Barlow knew he would be subjected to such a fictitious arrest on the day in question, and whether the defendant was aware of Barlow's confidential-informant status at the time of the arrest.

Moreover, "[t]he intent that counts under the Fourth Amendment is the intent that has been conveyed to the person confronted, and the criterion of willful restriction on freedom of movement is no invitation to look to subjective intent when determining who is seized." *Brendlin*, 551 U.S. at 260–61 (brackets and internal citation omitted). Therefore, the district court erred in relying on the presumed subjective intention of the defendant officer—who, in the court's view, "was attempting to protect Plaintiff's identity as an informant," Decision and Order at 5, *Barlow v. Male Geneva Police Officer*, No. 06 Civ. 6592 (W.D.N.Y. Apr. 7, 2007)—in concluding that, as a matter of law, no Fourth Amendment seizure took place here. Likewise, "[a]n officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional." *Graham*, 490 U.S. at 397. Consequently, the defendant's intent in this instance has no bearing on whether he applied excessive force during the "sham" arrest of Barlow, and any reliance on such intent by the district court for these purposes was in error.

Furthermore, we cannot accept the argument, proffered by the defendant–appellee, that the Fourth Amendment has no application here because Barlow "agreed to the risk that he may be subject to a sham arrest as a part of the drug sting operation," Appellee's Br. at 13. While one's right to freedom from unreasonable seizures under the Fourth Amendment can, under certain circumstances, be waived through consent, *see Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973); *see also United States v. Gandia*, 424 F.3d 255, 265 (2d Cir. 2005), we know of no authority for the proposition that the Fourth Amendment's protections against excessive force are

8

also subject to waiver. Moreover, even if Barlow did, by virtue of his cooperation with the Ontario County Sheriff's Department Drug Task Force, consent to some level of applied force during a "sham" arrest in the interest of preserving his identity as a confidential informant,[3] we cannot conclude that no reasonable factfinder could determine that the force applied in this instance was excessive. Because of issues of fact unresolvable on the present record surrounding Barlow's expectations of a "sham" arrest on the day in question, the defendant's awareness of Barlow's injury and Barlow's confidential-informant status during and prior to the incident, and the objective circumstances that must contribute to the reasonableness determination under the Fourth Amendment, we reject the defendant's argument.

Because we reverse the district court's judgment on the basis of our interpretation of the Fourth Amendment, we need not address the court's analysis of Barlow's claim under the Fourteenth Amendment. *See County of Sacramento v. Lewis*, 523 U.S. 833, 842–43 (1998); *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997); *Velez v. Levy*, 401 F.3d 75, 94 (2d Cir. 2005).

---

[3] We note that the issue of consent specific to the incident remains in dispute. While Barlow acknowledged during his deposition that he had recognized that, as a general matter, officers might interrupt a controlled-buy operation while he remained at the scene, and that he might be arrested—and possibly restrained—during one of the Task Force-monitored purchases, he also testified that he had not been informed that he would be subject to a false arrest on the day in question. However, by separate affidavits, Storer and Falkey controverted that testimony, stating that "Barlow understood that as part of the 'buy' operation, [] he would appear to be 'arrested', meaning that the officers would go through the motions making it appear that he was going to be arrested so as to not disclose that he was a paid informant." Affidavit of Brad Falkey at 1, *Barlow v. Male Geneva Police Officer*, No. 06-cv-6592 (W.D.N.Y. Dec. 9, 2008); Affidavit of John Storer at 1, *Barlow v. Male Geneva Police Officer*, No. 06-cv-6592 (W.D.N.Y. Dec. 9, 2008). This is therefore just one of many outstanding factual issues precluding the issuance of summary judgment at this stage.

9

On December 17, 2009, this Court ordered briefing as to the question "whether the Male Geneva Police Officer has been identified and should have been served and made a party to the action, in light of the district court's March 2007 discovery order and defense counsel's April 2007 letter response." Order, *Barlow v. Male Geneva Police Officer*, No. 09-2033 (2d Cir. Dec. 17, 2009). In light of the fact that the identity of the defendant should have been easily ascertained by defense counsel in response to the district court's order, the absence of an argument regarding the inadequacy of process in the defendant's answer to the plaintiff's Second Amended Complaint, the continued participation of the unnamed defendant by appearance and submission of defense counsel, and the defendant's *pro se* status in the district court, we conclude that any deficiency in the service of the plaintiff's Second Amended Complaint on the unnamed defendant has now been waived. We further instruct the district court to renew its attempts to determine the identity of the defendant officer on remand, and to ensure that proper service be effected on the officer, once his identity becomes known.

Two final notes: First, the district court appears to have been severely disadvantaged by the fact that Barlow appeared before it *pro se.* We, to the contrary, benefitted significantly from his *pro bono* representation on appeal. We therefore strongly urge the district court to seek *pro bono* representation for Barlow in proceedings on remand. Second, nothing in this order should be read to preclude the possibility that, if a fuller record is developed prior to trial, this matter may be resolved on motion for summary judgment in the defendant's favor based on that record.

For the foregoing reasons, the judgment of the district court is hereby **VACATED AND REMANDED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
